## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with Homeland Security Investigations and have been since December 2023.  I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico.  Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol.  As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States.  I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2.      This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.  I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. 1326(a) – *Reentry of removed alien* has been committed by Wily DE LA CRUZ-Romero ("DE LA CRUZ") aka: Jose R. Pacheco Vazquez, Jose Ramon Pacheco Vazquez.

## **PROBABLE CAUSE**

3. On March 27, 2025, DE LA CRUZ, was encountered and arrested without incident by Immigration and Customs Enforcement (ICE) / Enforcement and Removal Operations (ERO) in conjunction with Homeland Security Investigations Agents (HSI) in San Juan, Puerto Rico. DE LA CRUZ was arrested at Lomas Verdes, Bayamon, PR 00956 as part of a targeted enforcement action.

4. HSI Special Agents (SAs) and ERO Deportation Officers (Dos) arrived at the area of Lomas Verdes for the targeted enforcement action with clearly visible police markings. HSI SAs and ERO DOs stopped DE LA CRUZ and requested his identification information and performed an immigration examination on DE LA CRUZ. HSI SAs and ERO DOs determined that DE LA CRUZ was illegally present in the United States. Record checks further revealed that DE LA CRUZ was national and citizen of the Dominican Republic.

5. Subsequently, HSI Sas and ERO DOs conducted an immigration inspection on DE LA CRUZ to determine his admissibility and it was determined that DE LA CRUZ was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI SAs and ERO DOs determined that DE LA CRUZ is inadmissible to the United States, and arrested

and transported DE LA CRUZ to ICE/ERO Office in Guaynabo Processing Center for further processing.

    6.    As to DE LA CRUZ's immigration history, record checks revealed the following:

        a.  DE LA CRUZ is a native and citizen of the Dominican Republic by virtue of his birth in Santo Domingo, Dominican Republic.

        b.  On September 12, 2014, DE LA CRUZ was arrested in the District of Puerto Rico and charged for fraud and misuse of Visa. He was sentenced on February 11, 2015 to three years of probation.

        c.  On April 23, 2015, DE LA CRUZ was ordered removed by an Immigration Judge from the United States to the Dominican Republic. On May 19, 2015, DE LA CRUZ was physically removed from the United States to the Dominican Republic.

        d.  On November 9, 2015, DE LA CRUZ was arrested for illegal reentry and charged in the District Court of Puerto Rico with reentry of a removed alien. On February 29, 2016, he was sentenced to the time he had already served, that is, 114 days, followed by three years of supervised release.

        e.  On March 15, 2016, ICE/ERO San Juan arrested DE LA CRUZ after serving time for illegal re-entry. On June 21, 2016, DE LA CRUZ was physically removed from the United States to the Dominican Republic.

        f.  On March 27, 2025, when he was encountered, DE LA CRUZ was read his *Miranda* rights, since he requested to speak with a lawyer no further questions were performed.

    7.    Record checks also revealed that as of March 27, 2025, DE LA CRUZ had not submitted an application requesting permission to enter the United States (Form I-212) before the

United States Citizenship and Immigration Services ("USCIS"). Thus, DE LA CRUZ has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

8.   On March 27, 2025, DE LA CRUZ, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. DE LA CRUZ was not admitted, inspected, or paroled into the United States by an immigration officer, nor did DE LA CRUZ present himself at a desigend port of entry for inspection.

## **CONCLUSION**

9.   Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that DE LA CRUZ reentered the United States after being removed in violation of 8 U.S.C. § 1326(a) – *Reentry of Removed Alien*.

I hereby declare, under penalty of perjury, that the foregoing is true and correct and to the best of my knowledge.

Respectfully submitted,

LUIS O GONZALEZ-ENCARNACION
Digitally signed by LUIS O GONZALEZ-ENCARNACION
Date: 2025.03.27 15:43:13 -04'00'

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Subscribed and sworn to ~~//////~~ by telephone pursuant to FRCP 4.1 on this 27th day of March, 2025, at 5:12 AM.

Marshal D. Morgan
United States Magistrate Judge
District of Puerto Rico

4